MOSES HINTON *et al.*, plaintiffs in error, *v.* FLOWER HUSBANDS, defendant in error.

*Error to Sangamon.*

In an action of assumpsit, it would seem that the plea of non assumpsit, sworn to, is the proper plea, under the statute, where the defendant seeks to put in issue the execution of a note sued on.

A special plea in bar, which commences as an answer to a whole declaration containing several counts, but answers only one count, is bad, on demurrer.

A special plea of *non est factum* should conclude to the country.

THIS was an action upon a promissory note made by James W. Allen, George Miller, Francis Taylor, Moses Hinton, James B. Kyle, and Charles Chandler, payable to Flower Husbands.

The cause was heard in the Court below, at the March term, 1841, before the Hon. Samuel H. Treat. Judgment was rendered for the plaintiff in that Court, for $761.40, and costs of suit. The defendants brought the cause to this Court by writ of error.

It is only necessary to state, in addition to what appears in the opinion of the Court, that the first plea of the defendants, Hinton, Kyle, and Chandler, alleged that "they did not make and execute the promissory note in said plaintiff's declaration mentioned; but that they put their names and signatures to a blank piece of paper, and delivered it to the said defendant, Allen, on the express condition that the said Allen should have the note to be written thereon, discounted by some one of the banks of the State of Illinois, and not otherwise; and that the note aforesaid, contrary to the intent, purpose, and condition aforesaid, was, by the said Allen, discounted with the said Flower Husbands. And so the said defendants say, that the said supposed promissory note, the condition aforesaid not being performed, is not their act, and that they did not undertake and promise, &c.; of all which promises the said plaintiffs, before the discounting of said note, had notice; and this they are ready to verify, &c. Wherefore, they pray judgment," &c.

A. T. BLEDSOE, for the plaintiffs in error, cited Gould's Plead. 341, § 69, 34–6, § § 78–9.

S. STRONG, on the same side, cited 1 Chit. Plead. 451, 523–4, 535–8, 577.

S. T. LOGAN, for the defendant in error, cited Gould's Plead. 339–41.

BREESE, Justice, delivered the opinion of the Court:

This was an action of *assumpsit*, on a promissory note. The declaration contains six counts, the first of which is upon the note; the others are the common counts.

The defendants filed four pleas, all assuming to answer the whole declaration. The three first are special, and the fourth plea is non assumpsit.

The question before the Court, arose upon the first plea, to which there was a demurrer, assigning a special cause, which is, that it concluded with a verification, when it should have concluded to the country. The demurrer was sustained by the Court, upon which the error is assigned.

The form of the plea, it may be observed, is not the one usually adopted, in the action of assumpsit. It is framed from the precedents giving the form of the plea of a special *non est factum* to an action of debt or covenant, on a bond, to which the action of assumpsit has a very marked similitude. It would seem that the plea of non assumpsit sworn to, if the execution of the note is sought to be put in issue, would be the proper plea under our statute. But waiving this, the plea is a special plea in bar, and commences as an answer to the whole declaration, and answers only one count thereof. It is, therefore, bad for this reason.

As it regards the conclusion of the plea ; in the body of it, certain facts are averred, admitting the signing the paper on which the note sued on was written, but for a purpose different from the one to which it was applied; "and so the defendants say that the said note is not their act, and that they did not undertake and promise," &c.

We *think, notwithstanding* the special facts alleged in the plea, that it should have concluded to the country, as there seems to be no propriety in leaving such a plea open to an answer from the other side, in order, as was urged in the argument, to narrow the issue, by compelling the plaintiff, in his replication, to take issue upon some one of the special facts presented in the plea. No special replication would be necessary ; for if the facts could be replied to specially, they could be given in evidence to disprove the plea.

By concluding with a verification, the character of the plea is changed, as such a conclusion converts what would otherwise be the general issue, if concluding to the country, into a special plea amounting to the general issue, which is inadmissible in pleading.

The judgment is therefore affirmed with costs.

*Judgment affirmed.*